

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Criminal No. 3:17-cr-111–HEH |
| TYNELL D. JONES, | ) |
| Petitioner. | ) |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Tynell D. Jones ("Jones"), a federal inmate proceeding by and through counsel, filed this 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. ("§ 2255 Motion," ECF No. 77.) Jones contends that he is entitled to relief upon the following ground:[1]

Claim One: Following the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Jones' conviction and sentence for being a felon in possession of a firearm should be vacated because "[i]n pleading guilty, [Jones] was not advised that an element the [G]overnment would be required to prove beyond a reasonable doubt if he proceeded to trial was that he knew that he had been previously convicted of a crime punishable by a term of imprisonment exceeding a year." (*Id.* at 1.)

The Government has filed a response in which it argues that Claim One is procedurally defaulted. (ECF No. 88.) Jones has filed a reply. (ECF No. 90.) As

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the capitalization, punctuation, and spelling, and omits any emphasis or symbols in quotations from the parties' submissions and the record.

explained below, Claim One is procedurally defaulted. Accordingly, Claim One will be dismissed and the § 2255 Motion (ECF No. 77) will be denied.

## I. PROCEDURAL HISTORY

On August 15, 2017, a grand jury indicted Jones and a co-defendant with a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("Count One"). (ECF No. 1 at 1.)

On October 30, 2017, Jones entered a guilty plea to Count One. (ECF No. 31 at 1.) While Jones and the Government did not enter into a written plea agreement (*see id.*), they did execute a written Statement of Facts. (ECF No. 32.) In that document, Jones stipulated that had the matter gone to trial, the Government would have proven the following facts, which he admitted were "true and correct," beyond a reasonable doubt:

> On or about November 15, 2016, in the Eastern District of Virginia, and within the jurisdiction of this Court, TYNELL D. JONES, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess a firearm, to wit: a Glock .40 caliber handgun, Serial Number CUU550, in and affecting interstate and foreign commerce.
> On November 15, 2016, officers of the Richmond Police Department observed a Hyundai sedan with a defective rear tail light. JONES was a passenger in the vehicle. Officers attempted to initiate a traffic stop, but the vehicle accelerated away from the officers and did not pull over to the side of the road.
> On that date, JONES possessed a Glock .40 caliber firearm, serial number CUU550. During the pursuit, Jones threw his firearm from the passenger window of the moving vehicle.
> Officers observed the thrown firearm landing in the roadway.
> Shortly after JONES threw the firearm from the moving vehicle, the driver jumped from the vehicle, and the vehicle came to a stop with JONES still seated inside. Officers recovered two firearms from the pursuit route.
> Prior to November 15, 2016, JONES had been convicted of a crime punishable by more than one-year imprisonment.

2

>    The Glock .40 caliber handgun was not manufactured in Virginia, and
> therefore, traveled in interstate commerce.

(*Id.* at 1–3 (paragraph numbers omitted).) The Court accepted Jones' guilty plea to Count One and set the matter for sentencing. (ECF No. 31 at 1.)

The probation officer generated a Presentence Investigation Report ("PSR"). (ECF No. 43.) Jones received a three-point reduction to his offense level for timely acceptance of responsibility. (*See id.* ¶¶ 12, 22, 23.) Consequently, Jones received a Total Offense Level of 21, a Criminal History Category of VI, and an advisory guidelines range of 77 months to 96 months of incarceration. (*Id.* ¶¶ 24, 77–78.)

On January 26, 2018, Jones appeared for sentencing. (*See* ECF No. 54 at 1.) Jones objected to the calculation of his guidelines in the PSR. (*See* ECF No. 46.) After hearing from the parties, the Court sustained Jones' objection to the PSR, which resulted in his Total Offense Level being reduced to 19, which, in turn, lowered his advisory guidelines range to 63 months to 78 months of incarceration. (ECF No. 54 at 4.)

After hearing arguments from counsel, and a statement from Jones (*see id.* at 1), the Court sentenced Jones to 78 months of incarceration. (*Id.* at 2; ECF No. 55 at 2.). Jones did not appeal. The current § 2255 Motion followed.

## II. ANALYSIS

In Claim One, Jones asserts that following the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his conviction and sentence for being a felon in possession of a firearm should be vacated because "[i]n pleading guilty, [Jones] was not advised that an element the [G]overnment would be required to prove beyond a

3

reasonable doubt if he proceeded to trial was that he knew that he had been previously convicted of a crime punishable by a term of imprisonment exceeding a year." (ECF No. 77 at 1.) Jones has failed to demonstrate that he is entitled to relief under *Rehaif*.

Under 18 U.S.C. § 922(g)(1), it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. A separate provision, 18 U.S.C. § 924(a)(2), states that anyone who "knowingly violates" § 922(g) shall be fined or imprisoned for up to ten years. In *Rehaif*, the Supreme Court determined that § 922(g) does not criminalize a defendant's "innocent mistake" and therefore, a conviction under § 922(g) requires "knowledge of [the] status" that renders firearm possession unlawful.[2] 139 S. Ct. at 2197. Thus, *Rehaif* held that "in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm *and that he knew* he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200 (emphasis added).[3]

---

[2] The defendant in *Rehaif* was convicted of being an alien unlawfully in the United States in possession of a firearm. 139 S. Ct. at 2194. At trial, Rehaif objected to the jury instruction "that the 'United States is not required to prove' that Rehaif 'knew he was illegally or unlawfully in the United States,'" at the time he possessed the firearm. *Id.* (citation omitted). The district court overruled the objection and Rehaif was convicted. *Id.* The United States Court of Appeals for the Eleventh Circuit affirmed the conviction. *Id.* at 2195. The Supreme Court reversed, holding that the evidence "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194.

[3] In *Rehaif*, the Supreme Court addressed "what it means for a defendant to know he has 'violate[d]' 922(g)." 139 S. Ct. 2195. *Rehaif* set forth four elements that make possession of a firearm or ammunition unlawful: "(1) a status element (in this case, [being a felon with a sentence of imprisonment of more than one year]); (2) a possession element (to 'possess'); (3) a jurisdictional element ('in or affecting commerce'); and (4) a firearm element (a 'firearm or

4

As an initial matter, Jones contends that the Court committed a "structural" error by accepting his guilty plea where Jones had not been adequately advised that, had the matter gone to trial, an element of Count One that the Government would have been required to prove was that Jones knew that he was a felon prior to the date in question. (ECF No. 77 at 1, 7.) This is simply incorrect. *See Greer v. United States*, 141 S. Ct. 2090, 2099–2100 (2021) (rejecting argument that *Rehaif* errors are "'structural' and require automatic vacatur in *every* case").[4]

In *Greer*, the Supreme Court considered whether "discrete defects in the criminal process–such as the omission of a single element from jury instructors or the omission of a required warning from a Rule 11 plea colloquy" constituted structural error under *Rehaif*. *Id.* at 2099–2100. In concluding they do not, the Supreme Court held that "*Rehaif* errors fit comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'" *Id.* at 2100 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 306 (1991)); *see also United States v. Medley*, No. 18-4789, 2021 WL 8362326, at *1 (4th Cir. Oct. 6, 2021) (en banc) (reversing panel opinion "that *Rehaif* errors affecting appellant's indictment . . . violated his substantive rights" and concluding, based upon *Greer*, that "appellant is not entitled to plain-error relief for his unpreserved *Rehaif* claim"), *rev'g*, 972 F.3d 399 (4th Cir. 2020). Thus, it is clear that any

---

ammunition')." *Id.* at 2195–96. Only element (1) is at issue in the present case: whether Jones was aware that he had been convicted of a felony at the time he possessed the firearm.

[4] "Structural errors are errors that affect the entire conduct of the [proceeding] from beginning to end." *Greer*, 141 S. Ct. at 2100. They are very rare, having only been found in a "very limited class of cases." *Id.* at 2099.

*Rehaif* error related to the Indictment or the plea colloquy is not "structural," and does not compel the automatic vacatur of Jones' conviction or sentence.[5]

Rather, because Jones could have raised, but failed to raise, his *Rehaif* claim on direct review, absent a showing of cause and prejudice or actual innocence, Claim One is barred from review here. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998). In this instance, the Court need not determine whether Jones has shown cause for his default, because he clearly suffered no actual prejudice. *See United States v. Frady*, 456 U.S. 152, 167 (1982).

In order to demonstrate prejudice, Jones must show "a reasonable probability that, but for [the alleged *Rehaif*] errors, he would have not pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see Greer*, 141 S. Ct. at 2098. Jones does not argue that, but for the alleged *Rehaif* errors, he would have pled not guilty and insisted on proceeding to trial. Rather, he merely questions the sufficiency of his plea colloquy. For this reason alone, Jones has failed to meet his burden of establishing actual prejudice. *See Greer*, 141 S. Ct. at 2097–98, 2100.

To be clear, nowhere in his submissions does Jones allege that he was unaware of the fact that he was a felon. *Cf. id.* at 2100 ("In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument

---

[5] Jones' arguments concerning *Rehaif* and structural errors are based largely on the opinion of the United States Court of Appeals for the Fourth Circuit in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). (*See* ECF No. 77 at 1–5.) However, in *Greer*, the Supreme Court explicitly rejected Gary's argument that *Rehaif* errors were structural in nature and reversed the judgment of the Fourth Circuit, upon which Jones so heavily relies. 141 S. Ct. at 2099–2101.

6

or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon."). To the contrary, ample evidence shows that Jones knew of his felon status on the date in question.[6]

Prior to the present offense, Jones had been convicted on more than one occasion of more than one felony punishable by a sentence in excess of one year of incarceration. (*See* ECF No. 43 ¶¶ 27, 32, 34.) In 2013, Jones was convicted of possession of heroin in the Circuit Court for the City of Richmond and was sentenced to 3 years, with 2 years and 11 months suspended for a period of 3 years. (*Id.* ¶ 32.) In 2014, Jones was convicted of possession of cocaine in the Circuit Court for the City of Richmond and sentenced to 10 years of incarceration with 9 years suspended for a period of 10 years. (*Id.* ¶ 34.) Indeed, Jones was still on felony probation with the state courts on the date in question. (*Id.* ¶¶ 32, 34.)[7]

---

[6] As the Court inferred in *Rehaif*, the Government's duty to prove a defendant's knowledge of his status is hardly "burdensome," because "knowledge [of status] can be inferred from circumstantial evidence." 139 S. Ct. at 2198 (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)). Indeed, "[d]emonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew." *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2807 (2021). Here, the Government could easily prove that Jones knew he was a felon.

[7] It should also be noted that in 2007, when he 14 years old, Jones was convicted as an adult of robbery (a felony) and brandishing a firearm (a misdemeanor) in the Circuit Court for the City of Richmond. (ECF No. 43 ¶ 27.) Jones was sentenced to ten years of incarceration on his robbery conviction with ten years suspended for a period of ten years of good behavior. (*Id.*) Jones did not, however, keep the peace, and on at least three occasions between 2011 and 2015, he was convicted of violating the terms of his probation and sentenced to periods of active incarceration. (*Id.*)

7

Further, on May 10, 2013, March 10, 2015, and May 24, 2016, Jones signed three nearly identical documents for state probation officials that were addressed to "[a]nyone convicted of a felony on probation, parole, and/or post release supervision," with the subject heading "Possession of Firearms and/or Ammunition." (*See* ECF No. 87-1, 87-2, 87-3.)[8] In each instance, Jones acknowledged in a signed writing that he could not "purchase, carry, own or possess firearms or ammunition." (*See id.*)[9]

Based on the forgoing facts, Jones clearly knew he was a felon at the time that the events giving rise to Count One occurred. *Cf. United States v. Caldwell*, 7 F.4th 191, 213–14 (4th Cir. 2021) (affirming § 922(g) conviction post-*Rehaif* where defendant "had been convicted of multiple felonies," and "never disputed the validity of th[o]se felony convictions, and . . . stipulated at trial to having had such a conviction . . . ." (citing *Greer*, 141 S. Ct. at 2097–98)). Furthermore, Jones clearly knew that he was prohibited from possessing a firearm on the date in question. (*See* ECF No. 87-1, 87-2, 87-3.) Thus, if Jones had opted for trial, his conviction on Count One was all but guaranteed.

---

[8] The Government has filed a Motion to Expand the Record, in which it seeks to make part of the record the three documents referenced above. (*See* ECF No. 87.) "The district court may expand the record to include letters, documents, and affidavits." *United States v. Rashaad*, 249 F. App'x 972, 973 (4th Cir. 2007) (citing *Raines v. United States*, 423 F.2d 529, 529–30 (4th Cir. 1970)). The Court has "wide discretion" in this regard. *Id.* (citation omitted). For good cause shown, the Motion to Expand the Record (ECF No. 87) will be granted, and the exhibits attached thereto (ECF Nos. 87-1, 87-2, 87-3) will be made part of the record.

[9] While documents like this are by no means necessary to sustain a conviction under 18 U.S.C. § 922(g)(1), *see United States v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020) (finding that *Rehaif* does not require the Government to "also prove the defendant knew his or her status prohibited firearm ownership or possession"), they highlight the strength of the Government's case, underscore Jones' flagrant disregard for the law, and illustrate the certainty of his conviction.

Moreover, the record lacks any evidence suggesting that Jones would not have pled guilty if he had been advised that the Government was required to prove that he knew he was a felon on the date in question. To the contrary, Jones received significant benefits by pleading guilty that he would not have otherwise received if he opted for trial.[10]

Simply put, had Jones proceeded to trial, he would have lost the benefits he obtained by pleading guilty, he would have faced a higher guidelines range, and he would have received a harsher sentence. Thus, no reasonable defendant in Jones' position would have insisted on proceeding to trial.[11]

Therefore, Jones cannot show any actual prejudice. This same information also dispels any suggestion that Jones' actual innocence could excuse his default.[12] To the

---

[10] Among other things, Jones received a three-point reduction to his offense level for acceptance of responsibility by virtue of his decision to plead guilty. (ECF No. 43 ¶¶ 12, 22, 23.)

[11] The fact that Jones did not receive the below-guidelines sentence that he requested (*see* ECF No. 45 at 1–17) is irrelevant to the analysis. Jones had no way of knowing what sentence the Court might impose at the time he made his decision to plead guilty, as the Court did not fashion its sentence until after hearing from the parties and considering all available evidence. Indeed, the PSR had not been completed at the time that Jones pled guilty, thus, he could not even be sure what his guidelines range would be. What is clear, however, is the fact that the evidence against Jones was overwhelming, and his criminal history was substantial. Here, Jones had only one plausible option, to plead guilty and throw himself at the mercy of the Court. The fact that Jones was undeserving of the below-guideline sentence that he requested does not change the fact that, strategically speaking, pleading guilty was his best and only option.

[12] Actual innocence means "factual innocence, not mere legal insufficiency of [a] conviction." *Bousley*, 523 U.S. at 623–24 (citation omitted); *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1992) (indicating that a petitioner must establish "actual factual innocence"). Jones only challenges the legal sufficiency of Count One. He has failed to allege, much less demonstrate, his "actual factual innocence." *Mikalajunas*, 186 F.3d at 494.

contrary, Jones' guilt is quite clear from the record. Accordingly, Claim One is procedurally defaulted and will be dismissed.

### III. CONCLUSION

The Motion to Expand the Record (ECF No. 87) will be granted. The exhibits attached thereto (ECF Nos. 87-1, 87-2, 87-3) will be made part of the record. Jones' § 2255 Motion (ECF No. 77) will be denied. Claim One and the action will be dismissed. A certificate of appealability will be denied.[13]

An appropriate Order shall accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: April 4, 2023
Richmond, Virginia

---

[13] An appeal may not be taken from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Jones has not met this standard.